**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| VICTOR LAMAR O'NEAL, | : | |
| Plaintiff | : | |
| vs. | : | |
| Lieutenant CATO, | : | NO. 5:10-CV-339 (CAR) |
| Defendant | : | **O R D E R** |

Plaintiff **VICTOR LAMAR O'NEAL**, an inmate at the Butts County Detention Center ("BCDC") in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the BCDC.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff alleges that in June 2010, he swore out a warrant against his "adversary" for attacking plaintiff with a deadly weapon. Presumably at plaintiff's direction, defendant Lieutenant withdrew twenty from plaintiff's inmate account at the BCDC to pay the "warrant expense." Thereafter, a magistrate judge held a hearing and refused to issue a warrant based on a lack of probable cause.

Plaintiff filed a grievance with the BCDC requesting that the $20.00 "warrant expense" be refunded to him. Lieutenant Cato responded to plaintiff's grievance and stated that Magistrate Judge Hoard determined that a refund was not appropriate due to the lack of probable cause for the warrant.

Plaintiff files this action seeking, *inter alia*, reimbursement of his $20.00.

### III. DISCUSSION

The Court concludes that there is no colorable legal basis for holding Lieutenant Cato liable for the failure to refund the warrant expense to plaintiff. That issue was apparently decided against plaintiff by the Butts County Magistrate Judge. Simply administering plaintiff's inmate account and responding to his grievance does not subject Cato to liability.

Even if Lieutenant Cato had improperly taken plaintiff's $20.00, neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. *See* O.C.G.A. § 51-10-1; *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987).

### IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 24th day of September, 2010.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


cr